**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 2:25-CV-14060-JEM**

JEANNETTE BAECHLE, individually and
on behalf of all others similarly situated,

Plaintiff,

**CLASS ACTION**

v.

CREDIT ASSOCIATES, LLC,

Defendant.
_______________________________________/

## DEFENDANT CREDIT ASSOCIATES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Credit Associates, LLC ("Defendant") submits its Answer and Affirmative Defenses to Plaintiff Jeannette Baechle's ("Plaintiff") Class Action Complaint.

## NATURE OF THE ACTION

1. Defendant admits that in Paragraph 1, Plaintiff purports to bring a putative class action pursuant to the TCPA and FTSA, but denies that Plaintiff brings a cognizable action, whether individually or on behalf of a class. Defendant denies the remaining allegations in Paragraph 1 and further denies any wrongdoing.

2. Defendant admits that the allegations of Paragraph 2 refer to *Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023), which speaks for itself. Defendant denies the remaining allegations of Paragraph 2 as legal conclusions that do not require a response.

3. Defendant denies the allegations of Paragraph 3.

4. Defendant admits that Plaintiff purports to seek injunctive relief, statutory damages, "and/or" liquidated damages, but denies that Plaintiff is entitled to any of the same, whether

individually or on behalf of a class. Defendant denies any wrongdoing, denies that Plaintiff and the putative class are entitled to any relief or have any cause of action against Defendant whatsoever, and denies the remaining allegations in Paragraph 4.

**JURISDICTION AND VENUE**

5. The allegations in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to invoke federal-question jurisdiction via her TCPA claim, and supplemental jurisdiction via her FTSA claim. Defendant denies the remaining allegations in Paragraph 5.

6. The allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore denies them.

7. The allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and therefore denies them.

**PARTIES**

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies them.

9. Defendant admits that its principal place of business is in Dallas County, Texas. Defendant denies the remaining allegations in Paragraph 9.

**FACTUAL ALLEGATIONS**

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and therefore denies them.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies them.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies them.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies them.

18. Defendant denies that Plaintiff never provided it with any consent or permission to be contacted. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 and therefore denies them.

19. Defendant admits only that the texts referenced in Paragraph 19 are written documents that speak for themselves and are the best evidence of their contents and denies any allegations inconsistent therewith. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 and therefore denies them. Defendant further denies that it sent any text messages to Plaintiff without prior express written consent or that it caused any text messages to be sent to Plaintiff without prior express written consent.

20. The allegations of Paragraph 20 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant

admits that the allegations refer to the FTSA, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this Paragraph.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies them.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore denies them.

24. The allegations of Paragraph 24 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations refer to the TCPA, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this Paragraph.

25. The allegations of Paragraph 25 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations refer to the TCPA, which speaks for itself. Except as expressly admitted, Defendant denies the allegations in this Paragraph.

26. Defendant denies that Plaintiff never provided it with her telephone number. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 and therefore denies them.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore denies them.

**CLASS ALLEGATIONS**

28. Defendant admits that Plaintiff purports to bring this action on behalf of herself and certain classes pursuant to Fed. R. Civ. P. 23 as alleged in Paragraph 28. Except as expressly

admitted herein, Defendant denies the allegations in this Paragraph and denies that this case is an appropriate vehicle for a class action.

29. Defendant admits that Plaintiff purports to refer "individual [sic] or collectively" to the classes Plaintiff set forth in Paragraph 28 as the "Class." Defendant denies that this case is an appropriate vehicle for a class action and denies the remaining allegations in Paragraph 29.

30. Defendant admits that Plaintiff purports to reserve the right to expand or narrow the "the Classes" following discovery. Defendant denies that this case is an appropriate vehicle for a class action and denies the remaining allegations in Paragraph 30.

31. Defendant admits that Plaintiff purports to exclude Defendant and its employees and agents from the putative class she seeks to represent but denies the remaining allegations in Paragraph 31 and denies that any class could ever be certified or that Plaintiff could satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

32. Defendant denies the allegations in Paragraph 32 and denies that the putative class could be certified.

33. Defendant denies the allegations in Paragraph 33 and denies that the putative class could be certified.

34. Defendant denies the allegations in Paragraph 34 and denies that the putative class could be certified.

35. Defendant denies the allegations in Paragraph 35 and denies that the putative class could be certified.

36. Defendant denies the allegations in Paragraph 36 and denies that the putative class could be certified.

37. The allegations in Paragraph 37 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

## CAUSES OF ACTION

## COUNT 1

### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)
### (On Behalf of Plaintiff and the TCPA Autodialer Class)

38. Defendant incorporates by reference Paragraphs 1 through 37 as though set forth in full herein.

39. The allegations in Paragraph 39 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the TCPA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 39.

40. The allegations in Paragraph 40 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the TCPA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 40.

41. The allegations in Paragraph 41 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the TCPA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies that Plaintiff never provided it with her telephone number. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43 and therefore denies them.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant admits that Plaintiff seeks injunctive relief but denies all remaining allegations of this Paragraph, including any wrongdoing or that the case is an appropriate vehicle for class certification.

48. Defendant denies the allegations in Paragraph 48 and denies that Plaintiff is entitled to any relief.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50 and denies that Plaintiff is entitled to any relief.

**COUNT 2**

**Violation of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the DNC Registry Class)**

51. Defendant incorporates by reference Paragraphs 1 through 37 as though set forth in full herein.

52. The allegations in Paragraph 52 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the TCPA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 52.

53. The allegations in Paragraph 53 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the TCPA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 53.

54. The allegations in Paragraph 54 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the TCPA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. The allegations in Paragraph 56 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56 and expressly denies any wrongdoing.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant admits that Plaintiff seeks injunctive relief but denies all remaining allegations of this Paragraph, including any wrongdoing or that the case is an appropriate vehicle for class certification.

62. Defendant denies the allegations in Paragraph 62 and denies that Plaintiff is entitled to any relief.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64 and denies that Plaintiff is entitled to any relief.

**COUNT 3**
**Violation of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the TCPA Internal DNC Class)**

65. Defendant incorporates by reference Paragraphs 1 through 37 as though set forth in full herein.

66. The allegations in Paragraph 66 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the TCPA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 66.

67. The allegations in Paragraph 67 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the TCPA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 67.

68. The allegations in Paragraph 68 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the TCPA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. The allegations in Paragraph 71 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 71 and expressly denies any wrongdoing.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. The allegations in Paragraph 74 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74 and expressly denies any wrongdoing.

75. The allegations in Paragraph 75 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 75 and expressly denies any wrongdoing.

76. Defendant denies the allegations in Paragraph 76.

77. The allegations in Paragraph 77 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 77 and expressly denies any wrongdoing.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant admits that Plaintiff seeks injunctive relief but denies all remaining allegations of this Paragraph, including any wrongdoing or that the case is an appropriate vehicle for class certification.

80. Defendant denies the allegations in Paragraph 80 and denies that Plaintiff is entitled to any relief.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82 and denies that Plaintiff is entitled to any relief.

**COUNT 4**

**Violation of the FTSA, Fla. Stat. § 501.059(8)(a)**
**(On Behalf of Plaintiff and the FTSA Autodialer Class)**

83. Defendant incorporates by reference Paragraphs 1 through 37 as though set forth in full herein.

84. The allegations in Paragraph 84 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the FTSA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. The allegations in Paragraph 86 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 86 and expressly denies any wrongdoing.

87. Defendant denies that Plaintiff never provided it with her telephone number. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 87 and therefore denies them.

88. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 and therefore denies them.

89. The allegations in Paragraph 89 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 89 and expressly denies any wrongdoing.

90. The allegations in Paragraph 90 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 90 and expressly denies any wrongdoing.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant admits that Plaintiff seeks injunctive relief but denies all remaining allegations of this Paragraph, including any wrongdoing or that the case is an appropriate vehicle for class certification.

93. Defendant denies the allegations in Paragraph 93 and denies that Plaintiff is entitled to any relief.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95 and denies that Plaintiff is entitled to any relief.

96. Defendant denies the allegations in Paragraph 96 and denies that Plaintiff is entitled to any relief.

## COUNT 5

### Violation of the FTSA, Fla. Stat. § 501.059(4)
### (On Behalf of Plaintiff and the FTSA DNC Registry Class)

97. Defendant incorporates by reference Paragraphs 1 through 37 as though set forth in full herein.

98. The allegations in Paragraph 98 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the FTSA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 98.

99. The allegations in Paragraph 99 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the FTSA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 99.

100. Defendant denies the allegations in Paragraph 100.

101. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 and therefore denies them.

102. The allegations in Paragraph 102 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 102 and expressly denies any wrongdoing.

103. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 and therefore denies them.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant denies the allegations in Paragraph 105.

106. The allegations in Paragraph 106 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 106 and expressly denies any wrongdoing.

107. Defendant admits that Plaintiff seeks injunctive relief but denies all remaining allegations of this Paragraph, including any wrongdoing or that the case is an appropriate vehicle for class certification.

108. Defendant denies the allegations in Paragraph 108 and denies that Plaintiff is entitled to any relief.

109. Defendant denies the allegations in Paragraph 109.

110. Defendant denies the allegations in Paragraph 110 and denies that Plaintiff is entitled to any relief.

111. Defendant denies the allegations in Paragraph 111 and denies that Plaintiff is entitled to any relief.

**COUNT 6**
**Violation of the FTSA, Fla. Stat. § 501.059(5)**
**(On Behalf of Plaintiff and the FTSA Internal DNC Class)**

112. Defendant incorporates by reference Paragraphs 1 through 37 as though set forth in full herein.

113. The allegations in Paragraph 113 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the FTSA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 113.

114. The allegations in Paragraph 114 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the FTSA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 114.

115. The allegations in Paragraph 115 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the FTSA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 115.

116. Defendant denies the allegations in Paragraph 116.

117. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 and therefore denies them.

118. Defendant denies the allegations in Paragraph 118.

119. Defendant denies the allegations in Paragraph 119.

120. Defendant denies the allegations in Paragraph 120.

121. Defendant denies the allegations in Paragraph 121.

122. Defendant admits that Plaintiff seeks injunctive relief but denies all remaining allegations of this Paragraph, including any wrongdoing or that the case is an appropriate vehicle for class certification.

123. Defendant denies the allegations in Paragraph 123 and denies that Plaintiff is entitled to any relief.

124. Defendant denies the allegations in Paragraph 124.

125. Defendant denies the allegations in Paragraph 125 and denies that Plaintiff is entitled to any relief.

126. Defendant denies the allegations in Paragraph 126 and denies that Plaintiff is entitled to any relief.

**COUNT 7**

**Violation of the FTSA, Fla. Stat. § 501.059(8)**
**(On Behalf of Plaintiff and the FTSA ID Class)**

127. Defendant incorporates by reference Paragraphs 1 through 37 as though set forth in full herein.

128. The allegations in Paragraph 128 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations reference the FTSA, which speaks for itself. Defendant denies the remaining allegations in Paragraph 128.

129. Defendant admits that Plaintiff seeks declaratory relief but denies all remaining allegations of this Paragraph, including any wrongdoing or that the case is an appropriate vehicle for class certification.

130. Defendant denies the allegations in Paragraph 130 and denies that Plaintiff is entitled to any relief.

131. Defendant denies the allegations in Paragraph 131.

132. Defendant denies the allegations in Paragraph 132 and denies that Plaintiff is entitled to any relief.

133. Defendant denies the allegations in Paragraph 133 and denies that Plaintiff is entitled to any relief.

**JURY DEMAND**

Defendant denies that any of the allegations set forth in the Complaint allege triable issues against Defendant. To the extent a jury trial is permitted, Defendant requests a trial by the maximum number of jurors allowed by law.

**DOCUMENT PRESERVATION DEMAND**

The allegations in Plaintiff's unnumbered "Document Preservation Demand" Paragraph are not well-pleaded allegations of fact but a demand for document preservation. To the extent this demand is part of Plaintiff's Complaint, and to the extent it requires a response, Defendant denies any suggestion it is not preserving relevant documents in its possession in control or otherwise failing abide by its preservation obligations. Defendant denies any remaining allegations in this Paragraph.

**PRAYER FOR RELIEF**

Defendant denies the allegations of Plaintiff's unnumbered "PRAYER FOR RELIEF" section, including each and every allegation in subparagraphs A. through I. Defendant further denies that Plaintiff is entitled to class certification, appointment as class representatives or counsel, damages, equitable relief, injunctive relief, declaratory relief, pre-and post-judgment interest, fees, costs, or any relief whatsoever.

## GENERAL DENIAL

Defendant denies all allegations set forth in the Complaint that are not specifically admitted.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Residential Number)

Plaintiff's claims are barred to the extent her number or putative class members' numbers are not residential.

### THIRD AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the texts at issue were sent with the recipients' prior express written permission and/or consent and that consent was either irrevocable or was not effectively revoked.

### FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy, and Unclean Hands)

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, fraud, conspiracy, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent she or others voluntarily provided telephone numbers for the purpose of receiving texts

like the ones referenced in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**
**(Laches)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Knowing or Willful Misconduct)**

Any claim for treble damages or penalties is barred because Defendant did not engage in knowing or willful misconduct.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Proximate Cause)**

Defendant did not proximately cause any damages, injuries, or violations alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the numbers on which Plaintiff allegedly received text messages) proximately caused any damages, injuries, or violations at issue, to the extent they occurred at all.

**NINTH AFFIRMATIVE DEFENSE**
**(Standing)**

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant because any harm allegedly caused by the texts at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant, and because Plaintiff may not have suffered any Article III harm pursuant to *Spokeo,*

*Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) (particularly with respect to the putative classes she seeks to represent).

**TENTH AFFIRMATIVE DEFENSE**
**(No Agency or Vicarious Liability and Proportional Allocation of Fault)**

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it. As such, Defendant cannot be held vicariously liable. And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Adequate Remedy at Law)**

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

**TWELFTH AFFIRMATIVE DEFENSE**
**(First Amendment)**

The TCPA and the regulations and rules promulgated thereunder, as well as the FTSA, violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Due Process)**

The application of the TCPA and FTSA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the FTSA render the

statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive, severe, and oppressive, particularly to the extent Plaintiff seeks them on a class-wide basis. Thus, both statutes violate Due Process, facially and as applied.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(No "Call" and No Call "Made")**

Defendant did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A), and denies that any call attempted is actually a call "made" within the meaning of Fla. Stat. § 501.059(8)(a).

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(No ATDS)**

Plaintiff's claim is barred to the extent that the subject text messages were not sent using an ATDS as defined under the TCPA, or an "automated system for the selection and dialing of telephone numbers . . . ." as defined under the FTSA.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Join Party and/or Name the Proper Defendant)**

The claims brought in the Complaint are barred, in whole or in part, by Plaintiff's failure to join a necessary or indispensable party. Plaintiff's claims are also barred, in whole or in part, to the extent Plaintiff failed to name the proper defendant(s), over which the Court may lack personal jurisdiction.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(No Charge)**

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Hobbs Act)**

The Hobbs Act cannot validly or constitutionally be applied to preclude Defendant from

raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Damages Limitation)**

Plaintiff and the putative class members are barred from asserting their claims to the extent that limitations on exclusive remedies and damages set forth in the applicable Terms of Service are applicable to them.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Substantial Compliance with Laws)**

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Reasonable Practices and Procedures)**

Any and all claims brought in the Complaint are barred in whole or in part because Defendant has established and implemented reasonable practices and procedures to prevent violations of the TCPA and FTSA.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(One Text)**

Any and all claims brought in the Complaint are barred in whole or in part to the extent Plaintiff or the putative class members did not receive more than one text message within any 12-month period by or on behalf of Defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Bona Fide Error)**

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA, FTSA, and related regulations (which is denied), any

such violation was not intentional and resulted from a *bona fide* error, despite reasonable practices to prevent violations of the FTSA, the TCPA, and/or related regulations.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

Any and all claims brought in the Complaint are barred because Defendant possessed a good faith belief that it had consent to text the number at issue.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(FCC Exceeding Delegated Authority)**

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(No Immediate Threat of Future Injury)**

Plaintiff's request for injunctive relief is barred with respect to any alleged TCPA or FTSA claims as the alleged violations are not likely to recur.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(Class Action Deficiencies)**

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendant gives notice that in the event that this Court certifies any class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of any such class.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Established Business Relationship)**

Any and all TCPA and FTSA claims brought in the Complaint are barred by an established business relationship with the caller.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(Lack of Personal Jurisdiction and Improper Venue)**

Plaintiff and the putative class members (if any) are barred from asserting claims in this jurisdiction to the extent the Court lacks personal jurisdiction and to the extent venue is improper, including under *Bristol-Myers Squibb Co. v. Super. Ct. of Calif., San Francisco Cty.*, 582 U.S. 255 (2017).

**THIRTIETH AFFIRMATIVE DEFENSE**
**(No "Telephonic Sales Call")**

Defendant has not made a "telephonic sales call" to Plaintiff, because the texts Plaintiff allegedly received did not concern "consumer goods or services," as that term is defined in Fla. Stat. § 501.059(1)(c). *See also* Fla. Stat. § 501.059(1)(j) (defining "telephonic sales call").

**THIRTY-FIRST AFFIRMATIVE DEFENSE**
**(No "Caller ID" Violation)**

Defendant has not violated the FTSA's "Caller ID" provision because it only applies to a "telephone number"—not a short code. *See* Fla. Stat. § 501.059(8)(a).

**THIRTY-SECOND AFFIRMATIVE DEFENSE**
**(Reservation of Right to Assert Further Defenses)**

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint and

that judgment be entered in favor of Defendant;

2. For dismissal of the Complaint with prejudice;

3. That the Court award Defendant costs and reasonable attorneys' fees;

4. For such other relief as the Court deems just and proper.

Dated: May 16, 2025.

**WATSTEIN TEREPKA LLP**

*/s/ Matthew A. Keilson*
Ryan D. Watstein
FBN: 93945
ryan@wtlaw.com
Matthew A. Keilson
FBN: 1002294
mkeilson@wtlaw.com
218 Northwest 24th Street, 3rd Floor
Miami, FL 33127
Telephone: 404-782-0695
Facsimile: 404-418-8307

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2025, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system and will serve via email on:

Alexander Korolinksy, Esq.
**AJK Legal**
1580 Sawgrass Corporate Parkway, Suite 130
Sunrise, FL 33323
korolinsky@ajklegal.com

Christopher Gold, Esq.
**Gold Law, P.A.**
350 Lincoln Road, 2nd Floor
Miami Beach, FL 33139
chris@chrisgoldlaw.com

*/s/ Matthew A. Keilson*
Matthew A. Keilson